JOSHUA R. HUDSON, Administrator of JOHN H. HUDSON, deceased, *vs.* WILLIAM L. WILLIAMS.

*Debt—Note under Seal—Evidence—Presumption of Payment; Evidence to Rebut—Compromise; Evidence of—Admissions.*

1.  In an action to recover the amount of a note under seal more than twenty years old, upon which endorsements of payments had been made by the holder of the note; *held* that while the notes were admissible in evidence, the endorsements were not.

2.  Certain testimony tending to rebut the presumption of payment, including an offer of compromise and settlement, admitted; but subsequently stricken out by order of the Court, leaving, however, any acknowledgment of the defendant that the debt was not paid.

3.  An admission upon the part of the defendant of the existence of the debt sued for, in order to dispose of the presumption of payment from the lapse of twenty years after maturity, must be an express acknowledgment of an existing debt.

4.  In order to exclude distinct admissions of facts, it must appear either that they were expresely made without prejudice, or at least that they were made under the force of a pending treaty, and into which the party might have been led by the confidence of a compromise taking place. Admissions made expressly for the purpose of effecting a compromise of a matter under controversy, if not accepted, cannot be proved against the party making them. But admissions of independent facts are receivable in evidence, though made during negotiations for a compromise.

(*February* 7, 1908.)

LORE, C. J., and PENNEWILL, J., sitting.

*Robert C. White* and *James M. Tunnell* for plaintiff.

*Charles W. Cullen* for defendant.

Superior Court, Sussex County, February Term, 1908.

SUMMONS DEPT to recover balance due on a note for $250.00, dated September 1 3, 1883, and due March 1, 1884,

See further facts in charge of Court.

At the trial, the following matters of evidence were ruled upon, viz:

*Joseph McCabe*, a witness being produced on behalf of the plaintiff, testified that he knew James F. Williams in his lifetime, also William L. Williams, the defendant, that he remembered the note in suit and identified his signature as a witness upon the same and that he saw both William L. Williams and James F. Williams sign the said note and acknowledge it to be their hand and seal. Thereupon, Mr. White, of counsel for plaintiff, offered said note in evidence, together with endorsements of payments made thereon by the plaintiff's intestate. Mr. Cullen, counsel for defendant, objected to the admission of the note in evidence, on the ground that the debt was more than twenty years old prior to the bringing of suit; holding that the note was presumed to have been paid.

LORE, C. J.:—We understand you offer the note in evidence to bind the defendant?

*Mr. White:*—Yes sir.

PENNEWILL, J.:—This witness does not know when the credit was made on the note, does he?

*Mr. White:*—No sir; he does not.

LORE, C. J.:—How does it appear that the other party had anything to do with that at all? You have, we understand, no authority to the effect that endorsements by the holder of the note can bind the other party. We think the note should be admitted, but not the endorsements.

*Joshua R. Hudson*, the plaintiff, testified that William L.

Williams, the defendant, "came to see me about the note about a month ago.　He offered to pay the face of the note,—$250.00."

*Mr. Cullen*, counsel for defendant, moved to strike out the above answer, as to said offer, as irrelevant, there being no count in the plaintiff's declaration to support the same.

LORE, C. J.:—We will allow the answer to remain in, subject to instructions to the jury by the Court.

*By Mr. White:*

　Q.　Did he say anything about owing or not owing this note?

　A.　He said he knew the debt had not been paid.

　Q.　Do you know anything about any payments that were made to your father on that note?

　A.　No sir; I do not.

　Q.　Do you know anything about any oyster shells?

　A.　Yes sir; I know he got some oyster shells.

　Q.　Do you know how they were to be applied?

　A.　To payment on that note.　Mr. James F. Williams furnished the oyster shells.

(*Mr. Cullen* here moved to strike out the above answer on the ground that it did not bind the defendant.　Mr. White, of counsel for plaintiff, contended that said testimony rebutted the presumption of payment.)

LORE, C. J.:—We admit the testimony, subject to the charge of the Court.

　Q.　When was that?

　A.　I don't exactly know; somewhere about nine years ago.

　Q.　Who made that payment?

　A.　James F. Williams.

(On cross examination, the witness testified, in part, as follows):

*By Mr. Cullen:*

　X.　Was Mr. Williams talking to you about the settlement of this suit?

A.   Yes sir.

X.   And that was why he agreed to give you $250.00?

A.   Yes sir.

X.   Was that in compromise of this suit?

A.   No sir; he told me to go and see my sisters, to see what they said about it, and he wanted to settle it if he could for $250.

X.   Was that all that was due on the note?

A.   No sir; that was just the principal.

X.   Were there any other matters of dispute between you and William L. Williams?

A.   No sir.

X.   Was there any settlement between you and him of the matters of difference?

A.   Yes sir; if I had agreed to it, but I didn't agree to it.

(*Mr. Cullen* here moved to strike out the testimony of the witness in direct examination as to oyster shells).

LORE, C. J.:—We think all that he said about those oyster shells ought to go out, and also all that he said in reference to a compromise and settlement by part payment of the claim, leaving only his acknowledgment that the debt was not  paid.

LORE, C. J., charging the jury:

Gentlemen of the jury:—This is an action of debt brought by Joshua R. Hudson, Administrator of John H. Hudson, against William L. Williams, upon a joint note or instrument under seal, made by James L. Williams and William L. Williams together, which bears date September 13, 1883, for the payment of the sum of $250.00, and was due on the first of March, 1884.

One of the defendants, we understand, has died, and the suit therefore is brought against the remaining defendant, William L. Williams, the one who is the defendant in this suit. The claim  is for $250.00 with interest from September 13, 1883, with a credit of $40.00 on the 4th of April, 1890, and $6.00 in the year  1900.

To this the defendant sets up two pleas, *nil debet* and payment, upon which latter we understand the defendant chiefly relies. The defendant's claim is that this note having been made, and due on the first of March, 1884, the presumption of law is that it was paid twenty years thereafter, that is, about 1904, unless that presumption of payment is rebutted by proof in this case. That is really the question before you now.

The plaintiff claims in this case that there has been a distinct admission upon the part of William L. Williams, the defendant, of the existence of this debt, the purport of which you will remember. In order for such a claim to dispose of the presumption of payment from the lapse of twenty years after maturity, we say to you that such an acknowledgment must be an express acknowledgment of an existing debt. It is claimed on the part of the defendant that that acknowledgment was made in an effort to compromise the suit between the parties. The law does encourage the adjustment and settlement of suits and trials, made out of Court. But while that rule is good and applies to all matters pertaining particularly to the offer of settlement, yet it does not also include all statements of fact,

The rule of law upon that subject is very clearly stated in 1 *Greenleaf on Evidence, Section* 192, *page* 322: "In order to exclude distinct admissions of facts, it must appear either that they were expressly made without prejudice, or, at least, that they were made under the force of a pending treaty, and into which the party might have been led by the confidence of a compromise taking place."

The rule is also well settled in *American and English Encyclopaedia of Law* (*2nd Ed.*) *Volume* 1, *page* 714: "Admissions made expressly for the purpose of effecting a compromise of a matter under controversy, and offers of money to buy peace, if not accepted, cannot be proved against the party making them. But admissions of independent facts are receivable in evidence, though made during negotiations for a compromise."

And in the case of *Schofield vs. Parlin* (61 *Fed. Rep.*, 804),

the Court used this language: "Where the execution of the contract sued on is denied by the defendant, the latter offering to compromise the claim and making an express recognition of the contract is admissible in evidence as an admission of the execution of the contract."

We have been asked by counsel for the defendant to direct you to return a verdict for the defendant. This we decline to do. We leave the matter for you to say under the evidence in this case, whether the presumption of payment in this case has been rebutted under the law as we have read it to you, governing the evidence as you have heard it.

If from that evidence you are satisfied that there has been a distinct acknowledgment of indebtedness upon the note on the part of the defendant within twenty years before the bringing of this suit, your verdict should be for the plaintiff; but if, on the other hand, you are not so satisfied, your verdict should be for the defendant.

We will say to you that this endorsement on the note is not in evidence and is not to be considered by you; also all testimony which the Court has excluded, you are not to consider.

Verdict for plaintiff for $566.40.